Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10331 | **DATE** | 1-14-2013 |
| **CASE TITLE** | Earnest L. Jones (B-30526) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The trust fund officer at the Vandalia Correctional Center shall collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the trust fund officer at Vandalia Correctional Center. Summonses shall not issue at this time. The complaint on file is dismissed without prejudice. By 2/11/2013, Plaintiff must submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not comply with this order, this case shall be dismissed.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

      Plaintiff Earnest L. Jones, a prisoner at the Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

      Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. The complaint alleges that on July 12, 2012, Plaintiff fell out of the top bunk and injured his neck and head. Previously, Plaintiff had been provided a bottom bunk permit, but "the employee of County Jail" failed to make a bottom bunk available to Plaintiff. Plaintiff was seen by Ms. Patel for his injuries and she ordered an x-ray. Plaintiff was transferred to the Illinois Department of Corrections before he received the x-ray. Plaintiff names Cook County, Thomas Dart, Superintendent Brallien, Patel., and Carlos Altez as Defendants.

      Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Furthermore, an individual is liable in his or her official capacity under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of*

| STATEMENT |
|---|

*Social Serv.*, 436 U.S. 658, 692 (1978).

     Although Plaintiff lists several individuals as Defendants, the complaint makes specific allegations only against Patel. Thus, Plaintiff has failed to state a claim against any of the other identified Defendants. As to Patel, Plaintiff alleges that she treated Plaintiff and ordered an x-ray, just as Plaintiff had wished. These allegations cannot possibly constitute deliberate indifference by Patel to Plaintiff's medical condition. There are no other allegations against Patel indicating deliberate indifference. Accordingly, Plaintiff has failed to state a claim against any of the Defendants.

     Accordingly, the court dismisses the complaint on file without prejudice. Plaintiff must submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.